IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABDULLAH M. MUSLIM,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NOS. 2:08-CR-238 / 2:10-CR-64 / 2:10-CR-65
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence which has been docketed in Case No. 2:10–CR–65. (ECF No. 41.) This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Petitioner is not entitled to relief because the instant motion to vacate constitutes a successive petition. Accordingly, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

The Sixth Circuit previously summarized some of the relevant procedural history as follows:

> In November 2008, Muslim was arrested for being a felon in possession of a firearm, and he ultimately pleaded guilty to that charge in Case No. 2:08–cr–238. Following his guilty plea, Muslim remained free on bond. While on bond, Muslim committed four new criminal offenses. The first two offenses consisted of passport fraud and aggravated identity theft, which resulted in Case No. 2:10–cr–64. The second two offenses consisted of possession of unregistered destructive devices and being a felon in possession of firearms, which resulted in Case No. 2:10–cr–65. The district court consolidated the two new cases with the original case, in which Muslim was awaiting sentencing. In March 2010, Muslim entered guilty pleas on the four new charges under a joint plea agreement.
>
> The district court imposed a 144–month sentence, which included 24 months to be served consecutively for aggravated identity theft. The 120–month sentence for the non–identity theft counts was 23 months above the top of the advisory guideline range. Muslim filed a timely appeal.
>
> On appeal, Muslim argues his sentence is procedurally unreasonable because the district court did not provide any basis for an upward variance, considered an improper factor as an aggravating factor, and did not address several non–frivolous mitigating factors raised during sentencing. Muslim also argues that the sentence is substantively unreasonable because it is longer than necessary to meet the purposes of deterrence and protection of the public.

*United States v. Muslim*, No. 11–3061 (6th Cir. Dec. 20, 2011). On December 20, 2011, the Sixth Circuit found no error and affirmed Petitioner's sentence. *Id*. Petitioner did not pursue any further appeal.

On March 27, 2014, Petitioner executed and mailed a first motion to vacate under § 2255, which was docketed in Case No. 2:08–CR–238. (*Muslim v. United States*, 2:08–CR–238, S.D. Ohio, ECF No. 110.) In that motion, Petitioner alleged that he had received ineffective assistance of counsel in connection with his plea negotiations and sentencing in these consolidated matters. On April 8, 2014, the Magistrate Judge recommended dismissing the motion because it was time–barred, and on April 25, 2014, this Court adopted and affirmed that recommendation. (*Muslim v. United States*, 2:08–CR–238, S.D. Ohio, ECF Nos. 113, 116.)

This Court and the Sixth Circuit both declined to issue Petitioner a certificate of appealability. (*Muslim v. United States*, 2:08–CR–238, S.D. Ohio, ECF Nos. 120, 124; *see also Muslim v. United States*, No. 14–3480, 6th Cir. Nov. 13, 2014.)

On May 7, 2018, Petitioner filed the instant motion to vacate under § 2255, which was docketed in Case No. 2:10–CR–65. (*Muslim v. United States*, 2:10–CR–65, S.D. Ohio, ECF No. 41.) Petitioner again alleges that he received ineffective assistance of counsel in connection with his plea negotiations and sentencing in these consolidated matters. (*Id.*) Because Petitioner filed an earlier motion to vacate challenging the same judgements, the undersigned concludes that the motion to vacate presently before this Court constitutes a second or successive motion to vacate within the meaning of 28 U.S.C. §§ 2243(b)(3)(A), 2255(h). Those statutes provide that before a second or successive motion to vacate under § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing. Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Under these circumstances, it is **RECOMMENDED** that Petitioner's motion to vacate under § 2255 (ECF No. 41) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**<u>Procedure on Objections</u>**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>*s/Chelsey M. Vascura*</u>
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE